1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11    JOE ROBERT COLLIER, | Case No.:  25-cv-3487-AJB-MMP |
| 12                    Petitioner, | **ORDER DISMISSING CASE** |
| 13    v. | **WITHOUT PREJUDICE AND** |
| 14    JAMES HILL, Warden, et al., | **DENYING MOTIONS FOR IFP** |
| 15                    Respondents. | **WITHOUT PREJUDICE AS MOOT** |

16

17          On October 20, 2025, Petitioner Joe Robert Collier, a state prisoner proceeding pro

18  se, filed a complaint on a 42 U.S.C. § 1983 civil rights form in the Northern District of

19  California, which was docketed as a Petition for a Writ of Mandamus filed under 28 U.S.C.

20  § 1651. (Doc. No. 1; *see also docket* in N.D. Cal. Case No. 3:25-cv-08946-LB.)[1] On

21  October 20, 2025, Collier also filed a motion for leave to proceed in forma pauperis

22  ("IFP"). (Doc. No. 2.) After the Clerk provided notice to Collier of both the filing fee for a

23  civil action and that he had not submitted his IFP motion on the proper form (Doc. No. 3),

24  on November 7, 2025, Collier filed a second IFP motion (Doc. No. 6). On November 19,

25  _____

26

27  [1]      A court "'may take notice of proceedings in other courts, both within and without the federal
judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508
28  F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n. 2 (9th Cir.
2002)).

2025, the California Department of Corrections and Rehabilitation ("CDCR") submitted a copy of his certified trust account statement. (Doc. No. 8.)

On December 8, 2025, the Northern District ordered the instant case transferred, noting Collier "filed this *pro se* civil rights action seeking parole" and "[w]here an action 'is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credit claims, the district of confinement is the preferable forum.' *Brown v. Court of Appeals – Third Dist.*, 2012 WL 368376, at *1 (N.D. Cal. Feb. 3, 2012)." (Doc. No. 9 at 1) (additional citations omitted). Noting that Collier is currently confined at the Richard J. Donovan Correctional Facility, which "lies within the venue of the Southern District of California," the Northern District transferred the case to this district.[2] (*Id.* at 1–2.) On December 9, 2025, the case was opened in this district and was again docketed as a Petition for a Writ of Mandamus filed under 28 U.S.C. § 1651. (*See generally docket*.)

## I.    DISCUSSION

Upon review and for the reasons discussed below, the Court finds that this case must be dismissed because it contains contentions pertaining to both federal habeas and civil rights and appears to primarily seek relief only available in habeas corpus, but Collier cannot maintain both types of contentions in a civil suit and his case does not appear amenable to conversion.

### A.    Basis for Filing

Challenges to the fact or duration of confinement brought by state prisoners in federal court are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and

---

[2]    In ordering the case transferred, the Northern District also specifically indicated that: "The Court takes no position on whether this action should be maintained as a civil rights lawsuit or as a habeas petition." (*Id.* at 1 n.1.)

the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. On the other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

While Collier has captioned his filing as a complaint under the civil rights act, 42 U.S.C. § 1983, and appears to contend he is eligible and should be considered for parole under Proposition 57 (*see, e.g.* Doc. No. 1 at 5, 9–10), Collier indicates in his "prayer for relief" that he seeks "release" from confinement and notably does *not* indicate he seeks either a parole hearing or parole consideration. (*See id.* at 7.) Additionally, Collier appears to separately allege that CDCR improperly calculated and/or failed to apply his pre-sentence credits and that he is also currently eligible for parole due to already having served his base term. (*See id.* at 14–22.) Collier also appears to contend his current punishment has "become grossly disproportionate" in violation of the Eighth and Fourteenth Amendments and asserts "[c]ourts are to consider whether the punishment is so disproportionate to the crime that it shocks the conscience and offends fundamental notions of human dignity." (*Id.* at 9) (citation omitted).

To the extent Collier seeks immediate "release" from imprisonment (*see id.* at 7), Collier's "sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500. However, to the extent Collier instead only seeks injunctive type relief compelling CDCR to either *consider* or *reconsider* Collier's eligibility for parole under Proposition 57, such claims would not fall within the "core of habeas corpus" and must instead be brought under 1983, if at all. *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983.") (quoting first *Preiser*, 411 U.S. at 487; then *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)); *see, e.g. Blanco v. Asuncion*, 2019 WL 2144452, at *2 (S.D. Cal. May 16, 2019) (Report and Recommendation ("R&R") recommending dismissal of § 2254 habeas petition seeking in

relevant part parole consideration under Proposition 57, reasoning that "Proposition 57 does not necessarily make petitioner eligible for an earlier release from prison" because the parole board would still need to determine parole suitability and could deny parole and "[t]herefore, petitioner's claim falls 'outside the core of habeas corpus.'") (quoting and citing *Nettles*, 830 F.3d at 934); *see also Blanco v. Diaz*, 2019 WL 3562215 (S.D. Cal. Aug. 6, 2019) (Order adopting R&R, granting motion to dismiss, and denying certificate of appealability).

### B.    Conversion

The Court further finds Collier's complaint is not amenable to conversion to either a civil rights action pursuant to 42 U.S.C. § 1983 or to a habeas petition pursuant to 28 U.S.C. § 2254. *See Nettles*, 830 F.3d at 936 ("'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'") (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

First, it is at a minimum unclear whether Collier may instead simply seek a parole eligibility hearing under Proposition 57 rather than immediate release, and because his contentions do not solely lie in either habeas corpus or solely outside the "core of habeas corpus," *id.* at 931, the instant complaint does not appear to readily lend itself to conversion to either type of action. Second, the Court notes that the two actions involve different requisite filing fees. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). Meanwhile, "on application for a writ of habeas corpus the filing fee shall be $5." *Id.* While Collier has filed two motions for IFP (*see* Doc.

Nos. 2; 6), because Collier's complaint does not appear amenable to conversion, it is unclear which filing fee is appropriate and thus unclear how to properly consider Collier's IFP motions.

Third and finally, a federal habeas case and a civil rights action involve different state actors as defendant or respondent. As currently pled, Collier names the Warden and the Secretary of the Department of Corrections (*see* Doc. No. 1 at 1), either of which are a proper Respondent to a habeas action. *See e.g. Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968) ("The actual person who is [the] custodian [of the petitioner] must be the respondent."); *see also Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) ("[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'") (quoting R. 2(a), Rules Governing Section 2254 Cases (2019), advisory committee's note). However, were this complaint construed as a civil rights action, Collier not only fails to identify any action or inaction of the Warden or of the Secretary he seeks to challenge, Collier also does not name any individual or individuals he alleges were involved in other actions of which he complains, such as those responsible for his current classification and denial of eligibility for parole and it is unclear whether he seeks to hold other state officials responsible for any such alleged wrongs. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)). For these reasons, the Court finds that judicial economy does not counsel in favor of conversion.

## II.   CONCLUSION AND ORDER

For the reasons discussed above, the Court **DISMISSES** Collier's case without prejudice to refiling his action. To the extent Collier seeks to challenge the fact or length of his custody, he must file a habeas petition pursuant to 28 U.S.C. § 2254, which will be given a new case number. If Collier instead wishes to challenge the conditions of his

confinement and *not the fact or length of his custody*, he must file a *new* civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number. The Court **DENIES as MOOT** Collier's motions for leave to proceed IFP (Doc. Nos. 2; 6) without prejudice to reraising a motion for IFP in a new action.

*The Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application, a blank 28 U.S.C. § 2254 Habeas Petition form and a blank 42 U.S.C. § 1983 Civil Rights Complaint form and in forma pauperis application together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated:  December 18, 2025

Hon. Anthony J. Battaglia
United States District Judge